IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO.:  2: 12-CV-73 |
| | ) | |
| Plaintiff, | ) | C O M P L A I N T |
| | ) | |
| v. | ) | Jury Trial Demand |
| | ) | |
| AUDRAIN HEALTH CARE, INC. d/b/a AUDRAIN MEDICAL CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended and Title I of the Civil Rights Act of 1991, as amended to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Cynthia Hodges who was adversely affected by such practices. As alleged with greater particularity in paragraph 8 below, Defendant Audrain Medical Center failed to provide reasonable accommodation to Cynthia Hodges for her disability and discharged her because of her disability.

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended, ("ADA"), 42 U.S.C. § 12117(a), which incorporates

by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri.

<u>PARTIES</u>

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times Defendant, Audrain Medical Center, has continuously been a Missouri corporation doing business in the State of Missouri and the City of Mexico, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.     More than thirty days prior to the institution of this lawsuit, Cynthia Hodges filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

8.    On or about May 6, 2009, Defendant engaged in unlawful employment practices at its Med-Choice clinic in Mexico, Missouri, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and 12112(b)(5)(A) as follows:

    A.    Cynthia Hodges was employed by Defendant as an LPN from approximately 1995 to May 6, 2009;

    B.    Since approximately 2000, Cynthia Hodges suffered from an impairment which caused her to experience frequent episodes of severe head, face and eye pain each lasting approximately 3 to 7 days. When she experienced an episode, she vomited constantly, was unable to get out of bed and was unable to care for herself.

    C.    Ms. Hodges applied for and was granted intermittent FMLA leave by Defendant when she was unable to work because of the pain episodes;

    D.    In early 2008, Ms. Hodges' condition was diagnosed by a physician as neuralgia. She had two surgeries for the condition in 2008 and 2009. Ms. Hodges applied for and was granted FMLA leave by Defendant when she was unable to work because of these surgeries. While Ms. Hodges was on FMLA leave, Defendant assigned "floater" LPNs to perform her job duties;

    E.    Following the surgery in March 2009, Ms. Hodges was released by her physician to return to work on April 21, 2009, with restrictions. Her restrictions prohibited her from lifting over 10 lbs., required her to use a telephone headset when on the telephone and required her to take a 5-minute beak every 20 minutes while using the computer. The restrictions were in effect for six (6) weeks

F.  Defendant refused to allow Hodges to return to work with the restrictions recommend by her doctor;

G.  On April 20, 2009, Ms. Hodges requested additional leave until June 2, 2009;

H. .Defendant denied Ms. Hodges' request for additional leave and did not offer Ms. Hodges any form of extended unpaid leave;

I.  Defendant terminated Ms. Hodges on May 6, 2009;

J.  Defendant hired a replacement for Ms. Hodges on July 7, 2009;

K.  Defendant failed to provide reasonable accommodation to Cynthia Hodges; and

L.  Defendant discharged Cynthia Hodges because of her disability.

9.      The effect of the practices complained of in paragraph 8 above has been to deprive Cynthia Hodges of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

10.     The unlawful employment practices complained of in paragraph 8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Cynthia Hodges.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it:

1. from failing to provide reasonable accommodation to employees with disabilities; and

2. from discharging employees because of their disabilities.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Cynthia Hodges, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Cynthia Hodges and/or front pay.

D. Order Defendant to make whole Cynthia Hodges by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Cynthia Hodges by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Cynthia Hodges punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

<div style="margin-left:40%;">

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
(314) 539-7910 (telephone)
(314) 539-7895 (facsimile)
Email: barbara.seely@eeoc.gov

FELIX MILLER
Supervising Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103

</div>

(314) 539-7910 (telephone)
(314) 539-7895 (facsimile)
Email: felix.miller@eeoc.gov

/s/ *Dayna F. Deck*
Dayna F. Deck
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Kansas City District Office
400 State Ave., Suite 905
Kansas City, KS 66101
913-551-5848(voice)
913-551-6957(fax)
Mo. Bar # 39033
Email: dayna.deck@eeoc.gov