UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:12CV73 HEA |
| AUDRAIN HEALTH CARE, INC., d/b/a AUDRAIN MEDICAL CENTER, | ) ) ) ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on cross motions for summary judgment, [Doc. Numbers 45 and 47]. The parties have respectively filed their oppositions thereto. For the reasons set forth below, the motions are denied.

Plaintiff, Equal Employment Opportunity Commission (EEOC), filed this action on behalf of Cynthia Hodges. Plaintiff alleges Defendant discriminated against Hodges in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213 (2012), when it fired Hodges in May, 2009. Plaintiff contends Hodges was able to perform the essential functions of her job with a reasonable accommodation. Defendant argues that there were no reasonable accommodations that could be made so that Hodges would be able to perform the essential functions of her job.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *See id.* at 252.

The court views all evidence and inferences in a light most favorable to the nonmoving party. *See id.* at 255. The nonmoving party must set forth specific facts sufficient to raise a genuine issue for trial; that is, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133 (2000); *see Anderson,* 477 U.S. at 249–50; *Celotex v. Catrett,* 477 U.S. 317, 324 (1986). Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment, because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Celotex,* 477 U.S. at 322–23.

The ADA prohibits employers from discriminating against individuals on the basis of disability. 42 U.S.C. § 12112. To establish a prima facie case of disability discrimination, a plaintiff must show that (1) he was disabled; (2) he was

qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) he suffered an adverse employment action due to his disability. *See Burchett v. Target Corp.,* 340 F.3d 510, 516 (8th Cir.2003).

"The determination of whether an individual is qualified for purposes of the ADA is a two-step process, and should be made as of the time of the employment decision." *E.E.O.C. v. Wal–Mart Stores, Inc.,* 477 F.3d 561, 568 (8th Cir.2007) (citation and internal quotation marks omitted). The first question, then, is whether Hodges "possesses the requisite skills, education, certification or experience necessary for the job," and the second is whether Hodges "can, despite [her] impairments, perform the essential functions of the job either with or without reasonable accommodation." *Id.*

The parties do not dispute that Hodges was qualified for the position under the first part of the test, as she had been working as a nurse without concern. The second part of the test, the essential functions analysis, is the issue the parties dispute. Essential functions are defined as "the fundamental job duties of the employment position the individual with a disability holds or desires. The term essential functions does not include the marginal functions of the position." *Id.* (citation and internal quotation marks omitted). "While the plaintiff bears the burden of ultimately proving that he is qualified, an employer who disputes the

3

plaintiff's claim that he can perform the essential functions must put forth evidence establishing those functions." *Id.* (citation and internal quotation marks omitted).

"[I]f the employee cannot perform the essential functions of the job *without* an accommodation, he must only make a facial showing that a reasonable accommodation is *possible* .... [O]nce the plaintiff makes a facial showing that reasonable accommodation is possible, the burden of *production* shifts to the employer to show that it is unable to accommodate the employee. If the employer demonstrates that the plaintiff is unable to perform the essential functions of the job even with reasonable accommodation, the plaintiff must then rebut that showing with evidence of his individual capabilities. Thus, the plaintiff's burden merges with his ultimate burden of persuading the trier of fact that he has suffered unlawful discrimination. *Id.* (internal citations and quotations omitted).

Evidence to consider in this determination may include: (1) the employer's judgment as to which functions are essential; (2) written job descriptions prepared before advertising or interviewing applicants for the job; (3) the amount of time spent on the job performing the function; (4) the consequences of not requiring the incumbent to perform the function; and (5) the current work experience of incumbents in similar jobs. *Knutson v. Schwan's Home Serv., Inc.,* 711 F.3d 911, 914 (8th Cir.2013) (citation and internal quotation marks omitted). "The employer's judgment about an essential job function is considered highly

probative." *Id.* (citation and internal quotation marks omitted); *see also Kammueller v. Loomis, Fargo & Co.,* 383 F.3d 779, 786 (8th Cir.2004) ("Essential functions of the job are 'fundamental job duties,' and the employer's judgment in this regard is considered 'highly probative.' " (quoting *Alexander v. Northland Inn,* 321 F.3d 723, 727 (8th Cir.2003))). "Eighth Circuit cases generally give deference to the employer's judgment of essential job functions, especially when staffing is problematic." *Kammueller,* 383 F.3d at 786. However, the employer's judgment is merely evidence—it is not conclusive. *Id.* "Finally, whether a plaintiff is qualified is measured at the time of the adverse employment action, even if the plaintiff is likely to recover in a relatively short period of time." *Duello v. Buchanan Cnty. Bd. of Supervisors,* 628 F.3d 968, 972 (8th Cir.2010).

"To determine the appropriate reasonable accommodation it may be *necessary* for the [employer] to initiate an informal, interactive process with the [employee] with a disability in need of the accommodation." *Fjellestad v. Pizza Hut of Am., Inc.,* 188 F.3d 944, 951 (8th Cir.1999) (alteration in original) (citation and internal quotation marks omitted). "This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." *Id.* (citation and internal quotation marks omitted). "Once a qualified individual with a disability has requested provision of a reasonable accommodation, the employer *must* make a reasonable effort to

5

determine the appropriate accommodation. The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the [employee] with a disability." *Id.* (quoting 29 C.F.R. § 1630, App. § 1630.9).

The record currently before the Court establishes that issues of fact remain, for example, whether Hodges requested reasonable accommodations, whether the proposed accommodations were reasonable as they relate to Dr. Jackson's clinic nurse duties, and whether Audrain participated in an interactive determination of possible accommodations that could be made. As such, summary judgment is not appropriate for either party.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No. 45], is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 47], is denied.

**IT IS FURTHER ORDERED** that this matter is set for Jury Trial on September 21, 2015 at 9:30 a.m. in the Courtroom of the undersigned in Hannibal,

Missouri.

Dated this 3rd day of June, 2015.

                                                                _____
                                                              HENRY EDWARD AUTREY
                                                  UNITED STATES DISTRICT JUDGE